UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
\_\_\_\_\_

PAUL A. DESHONE,

          Plaintiff,          Case No. 1:22-cv-968

v.                                 Honorable Phillip J. Green

R. REWERTS, et al.,

          Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. (ECF No. 4.) Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 5.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . ." 28

U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to the action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's federal claims with prejudice for failure

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. Feb. 10, 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

3

to state a claim. The Court will dismiss Plaintiff's state law claim without prejudice because the Court declines to exercise supplemental jurisdiction over that claim.

## Discussion

### I. Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Earnest C. Brooks Correctional Facility, (LRF) in Muskegon Heights, Muskegon County, Michigan. The events about which he complains occurred at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. Plaintiff sues Carson City Correctional Facility Warden R. Rewerts, R.U.M. Unknown Blair, and P.C./A.R.U.S. Unknown Miller, in their respective individual and official capacities.

Plaintiff alleges that, in late September 2021, he had a conversation with Defendant Rewerts about repainting the prison unit. (ECF No. 1, PageID.3.) Plaintiff informed Defendant Rewerts that he does "painting in the world." (*Id.*) Defendant Rewerts responded by asking, "How much would you charge to paint a building like this[?]" (*Id.*) When Plaintiff told Defendant Rewerts that Plaintiff would charge "20 to 25 thousand," Defendant Rewerts told Plaintiff, "Get it done . . . I'll put you on payroll." (*Id.*) Plaintiff began painting the unit, working three shifts for three months, based upon the assumption that he would be paid. (*Id.*) Plaintiff was also told by Defendants Blair and Miller that he would be "taken care of." (*Id.*) However, Plaintiff was never paid.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.  Federal Claims

Plaintiff does not articulate the legal claims that he intends to bring against each Defendant. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *Winkler v. Madison Cnty.*, 893 F.3d 877, 890 (6th Cir. 2018); *West v. Atkins*, 487 U.S. 42, 48 (1988). Though the Court assumes that each named Defendant is a person acting under color of law for purposes of § 1983, the Court finds that Plaintiff fails to allege a violation of any right secured by federal law.

Plaintiff claims that Defendants breached their oral agreement with Plaintiff, refusing to pay Plaintiff for work performed. This most closely resembles a common law claim for breach of contract. However, claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). The Sixth Circuit has

6

consistently held that a claim for breach of contract is not cognizable under Section 1983. *Kaminski v. Coulter*, 865 F.3d 339, 348 (6th Cir. 2017); *Taylor Acquisitions, L.L.C. v. City of Taylor*, 313 F. App'x 826, 832 (6th Cir. 2009). "Breach of contract is a state law issue. 'Neither the Eighth Amendment nor any other provision of the United States Constitution provides a basis for a prisoner to recover against prison officials for breach of a contract.'" *Peltier v. Valone*, No. 2:16-CV-10209, 2016 WL 1170800, at *2 (E.D. Mich. Mar. 25, 2016) (quoting *Jordan v. Brown*, No. 1:16-CV-0001, 2016 WL 128520, at *2 (M.D. Tenn. Jan. 12, 2016)).

To the extent that Plaintiff seeks to bring a claim for deprivation of property under the Due Process Clause, he likewise fails to state a claim. "The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazzetta v. McGinnis (Bazzetta II)*, 430 F.3d 795, 801 (6th Cir. 2005). It contains both a procedural and a substantive component. *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996).

To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that an interest of life, liberty or property is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Analysis of a procedural due process claim involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *K'y Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citations omitted).

7

As to the first step, the Sixth Circuit consistently has found that prisoners have no constitutionally protected interest in prison employment under the Fourteenth Amendment. *See, e.g., Dellis v. Corr. Corp. of America,* 257 F.3d 508, 511 (6th Cir. 2001) (district court properly dismissed as frivolous the plaintiff's claim that he was fired from his prison job); *Newsom v. Norris,* 888 F.2d 371, 374 (6th Cir.1989) (no constitutional right to prison employment); *Carter v. Tucker,* No. 03–5021, 2003 WL 21518730, at *2 (6th Cir. July 1, 2003) (same). Moreover, "as the Constitution and federal law do not create a property right for inmates in a job, they likewise do not create a property right to wages for work performed by inmates." *Carter,* 2003 WL 21518730, at *2 (citing *Williams v. Meese,* 926 F.2d 994, 997 (10th Cir.1991), and *James v. Quinlan,* 866 F.2d 627, 629–30 (3d Cir. 1989)). Under these authorities, Plaintiff fails to state a due process claim arising from his lack of pay for prison employment.

But even if Plaintiff were able to satisfy the first step of a procedural due process claim, Plaintiff's claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivations of property, as long as the deprivation was not done pursuant to an established state procedure. *See*

8

*Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984). Because Plaintiff's claim is premised upon allegedly unauthorized acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479–80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not alleged that state post-deprivation remedies are inadequate. Indeed, state post-deprivation remedies are available to him as Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments or officers." Mich. Comp. Laws § 600.6419(1)(a) (eff. Nov. 12, 2013). And the Sixth Circuit has held that a state court action provides an adequate remedy for the deprivation of a contractually created property interest. *Kaminski*, 865 F.3d at 348. Accordingly, Plaintiff cannot state a procedural due process claim.

Plaintiff also fails to state a substantive due process claim. "Substantive due process prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty." *Prater v. City of Burnside*, 289 F.3d 417, 431 (6th Cir. 2002). Unlike procedural due process, substantive due process protects only a very narrow class of interests, including those enumerated in the Constitution, "so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Charles v. Baesler*, 910 F.2d 1349, 1353 (6th

9

Cir. 1990) (quoting *Michael H. v. Gerald D.*, 491 U.S. 110, 121, 109 S. Ct. 2333, 2341, 105 L. Ed. 2d 91 (1989)). It is well-settled that "[t]he substantive Due Process Clause is not concerned with the garden variety issues of common law contract." *Bowers v. City of Flint,* 325 F.3d 758, 763–64 (6th Cir. 2003). Because Plaintiff fails to state a due process claim—procedural or substantive—the Court will dismiss Plaintiff's federal claims against all Defendants.

### B. State Law Claim

As discussed above, Plaintiff's complaint is most logically construed as a state law claim for breach of contract against the named Defendants. In determining whether to retain supplemental jurisdiction over state law claims, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." (internal quotation marks omitted)). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012).

Because Plaintiff's federal claims will be dismissed in their entirety, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Therefore, Plaintiff's state law claims will be dismissed without prejudice to Plaintiff's ability to bring those claims in the state courts.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's federal claims will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will dismiss Plaintiff's state law claim because the Court declines to exercise supplemental jurisdiction over that claim.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore*, 114 F.3d at 611. Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:  November 14, 2022                    /s/ Phillip J. Green
                                                                    PHILLIP J. GREEN
                                                                    United States Magistrate Judge